UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIQUE GOSHAY,

        Plaintiff,

v.                                        Case No. 3:22-cv-639-MMH-MCR

C.O.J., et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Erique Goshay, a pretrial detainee housed at the Duval County Jail, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also moves to proceed in forma pauperis. Doc. 2. He names three Defendants: "C.O.J./Department of Corrections" Pre-Trial Detention Facility (PTDF); Director Tammy Morris; and an unknown classification officer. Doc. 1 at 2-3. Goshay alleges that on April 24, 2022, another inmate approached him, the two "exchanged words," and the inmate spat in Goshay's face. Id. at 12. According to Goshay, he tried to defend himself and ultimately walked away from the other inmate, but the inmate hit Goshay in the back and arms with a broomstick. Id. Goshay asserts that other inmates then restrained the attacker and officers escorted Goshay to medical. Id. Goshay contends he suffered severe injuries to his left eye, back, and head. Id.

He alleges that officer "L.E." charged the attacking inmate with "battery" and moved him to confinement. Id. at 8. According to Goshay, each named Defendant "was responsible for employing the next defendant who was responsible for placing [Goshay] in harm against laws and policies." Id. at 4. To that end, he appears to allege that Defendants violated a policy that "sentenced inmates and un-sentenced inmates shouldn't be housed together," and violated Goshay's rights under the Fourteenth Amendment and the Due Process Clause. Id. at 3.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked

2

assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Goshay's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

First, as to Defendant PTDF, "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v.

3

Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013)[1]; see also Monroe v. Jail, No. 2:15-cv-729-JES-MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." (citation omitted)); Mellen v. Florida, No. 3:13-cv-1233-MMH-PDB, 2014 WL 5093885, at *8 (M.D. Fla. Oct. 9, 2014) (recognizing that sheriff's offices and jail facilities are not amenable to suit under § 1983); Donovan v. Parker, No. 6:10-cv-855-GAP-DAB, 2010 WL 3259717, at *2-3 (M.D. Fla. Aug. 16, 2010) (finding that a sheriff's office and detention center have no capacity to be sued). Thus, Goshay fails to state a claim upon which relief may be granted against Defendant PTDF.

Further, to the extent that Goshay is trying to hold Defendants Morris and the unknown classification officer liable based on the theory of respondeat superior, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Goshay does not allege that these Defendants personally participated in any unconstitutional conduct, the viability of his supervisory claim depends on whether he plausibly alleges a causal connection between Defendants' actions and the alleged constitutional deprivation.

Goshay may establish the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Goshay does not allege facts establishing a causal connection. For instance, he does not allege a history of widespread abuse, nor does he allege that Defendants knew of a need to train their subordinates and failed to do so. Further, Goshay does not allege that his injuries stemmed from a PTDF custom or policy. But instead, he suggests that the PTDF has a policy on not housing pretrial detainees with convicted inmates, and he was attacked

5

because Defendants failed to follow that policy. As such, Goshay has failed to state a claim against Defendant Morris and Defendant unknown classification officer. Thus, the Complaint is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of July, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   Erique Goshay, #2020021162